**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **SEAN MICHAEL EARL,** | § | |
| **PETITIONER,** | § | |
| | § | |
| **V.** | § | **A-26-CV-01054-RP** |
| | § | |
| **ERIC GUERRERO,** | § | |
| **RESPONDENT.** | § | |

**ORDER**

Before the Court is Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. For the reasons set forth below, the Court dismisses the petition without prejudice.

Petitioner challenges his conviction out of the 26th Judicial District Court of Williamson County in Cause No. 24-2394-K26. Petitioner indicates he pleaded guilty and was convicted of manufacturing and delivery of a controlled substance in penalty group 1 greater than or equal to one gram but less than four grams. On November 25, 2025, Petitioner was sentenced to three years in prison. Petitioner claims he mailed a state application for habeas corpus relief in December 2025. and another in February 2026. However, Petitioner states he has not received a reply to either application.

A fundamental prerequisite to federal habeas corpus relief is the exhaustion of all claims in state court prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995).

Section 2254(b) provides:

(1)     An application for a writ of habeas corpus on behalf of a person in
        custody pursuant to the judgment of a State court shall not be granted
        unless it appears that:

      (A)    the applicant has exhausted the remedies available in the courts of the State; or

      (B)    (i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b).

The exhaustion requirement is designed in the interests of comity and federalism to give state courts the initial opportunity to pass upon and correct errors of federal law in a state prisoner's conviction. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). The purpose and policy underlying the exhaustion doctrine is to preserve the role of the state courts in the application and enforcement of federal law and prevent disruption of state criminal proceedings. *Rose v. Lundy*, 455 U.S. 509, 518 (1982)(citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490-91 (1973)). A petition under Section 2254 "must be dismissed if state remedies have not been exhausted as to any of the federal claims." *Castille v. Peoples*, 489 U.S. 346, 349 (1989). The exhaustion doctrine "requires that the Texas Court of Criminal Appeals be given an opportunity to review and rule upon the petitioner's claim before he resorts to the federal courts." *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985).

State court records reflect Petitioner filed a state court application on March 10, 2026, and the State filed an answer on April 20, 2026. Petitioner's state application has not yet been transmitted to the Texas Court of Criminal Appeals and remains pending. Because the application is pending, the state court has not had the initial opportunity to pass upon and correct any alleged errors of federal law. Petitioner fails to allege any circumstances which would allow the Court to excuse the exhaustion requirement.

It is therefore **ORDERED** that Petitioner Sean Michael Earl's Petition for Writ of Habeas

Corpus is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust his state court remedies.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

**SIGNED** on April 27, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE